[No. 12314. In Bank. — December 27, 1887.]

CLARA E. BENNETT ET AL., RESPONDENTS, *v.* P. D. GREEN, APPELLANT.

DEED — TRANSPOSITION OF INITIALS OF GRANTOR — EVIDENCE — CERTIFIED COPY OF RECORD — ACKNOWLEDGMENT. — The action was brought to quiet the title to certain land against one P. D. Green. On the trial, the plaintiffs, after proving that the defendant had formerly owned the land, offered in evidence a certified copy of a deed taken from the records of the county recorder's office, dated on the 6th of February, 1869, and purporting to be signed by P. D. Green. In the body of the deed the grantor was named D. P. Green, and proof of its execution was made by a subscribing witness, whose affidavit stated "that he was present and saw D. P. Green, known to him to be the same person described in and who executed the annexed instrument as a party thereto, sign, seal, and deliver the same," etc. The defendant objected to the admission of the copy on the ground that it did not purport to have been acknowledged by the party who signed it. *Held*, that the objection to the copy on the ground that it had not been shown that the original was not in the possession or under the control of the plaintiff, not having been made on the trial, was waived and could not be raised on appeal; and that the copy was admissible and sufficient to cast the burden upon the defendant of showing that he did not in fact execute the deed.

ID. — STATUTE OF LIMITATIONS — TITLE ACQUIRED BY. — After the introduction of the foregoing deed, the plaintiffs further proved that the grantee therein had conveyed the land to one Doland on the 16th of April, 1869, and that he, on the 19th of February, 1870, had conveyed it to one Dana; that Dana died in 1870, and thereafter the land was known as the Dana

tract; that it was fenced as early as 1872 or 1873, and remained inclosed until about 1883; that shortly after it was inclosed, the land was rented by the agent of Dana's estate, and was used by the tenants as a vegetable garden for about ten years; that on the 19th of June, 1883, the land was conveyed by the guardian of the minor heirs of Dana to one Gardiner, the grantor of the plaintiffs; and that from the years 1875–76 to 1883–84, the property was assessed to the estate of Dana or the Dana minors, and the taxes were paid. *Held,* that the evidence was sufficient to justify the finding that the plaintiffs had title under the statute of limitations.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion.

*G. Gordon Adam,* for Appellant.

The copy of the deed was not admissible as the person purporting to acknowledge it was not shown to be the person named as grantor. (*Tustin* v. *Faught,* 23 Cal. 237.) No proof having been made that the original was not in the possession or under the control of the plaintiffs, the copy was not admissible. (*Norris* v. *Russell,* 5 Cal. 249; *Fallon* v. *Dougherty,* 12 Cal. 104; *Taylor* v. *Clark,* 49 Cal. 671.)

*R. M. Widney,* for Respondents.

BELCHER, C. C. — This is an action to quiet the plaintiffs' title to certain subdivisions of a lot of land in the city of Los Angeles, known as lot 8 in block 22 of Hancock's survey of thirty-five-acre city donation lots. The plaintiffs claim title in fee to the disputed parcels of land, deraigned through sundry mesne conveyances from the defendant, and under the statute of limitations.

In the court below, the findings and judgment were in favor of plaintiffs. The defendant moved for a new trial, and has appealed from the judgment, and from the order denying his motion.

To establish their title, the plaintiffs introduced in evidence a deed from the city of Los Angeles, dated

November 2, 1855, conveying to the defendant, P. D. Green, lot 8, and stating that the original certificate of possession was issued to William Foremen on the 1st of August, 1855, and was by him transferred to Adam Bland, and was by Bland transferred to defendant. They also introduced in evidence a patent from the United States, dated August 9, 1866, granting to the city of Los Angeles pueblo lands, and it was admitted that lot 8 was within the boundaries of the land so granted.

The plaintiffs then offered in evidence the copy of a deed which was taken from the records of Los Angeles County, and was properly certified by the county recorder. It purported to be the copy of a deed dated February 6, 1869, signed by P. D. Green, and conveying lot 8 to one Edward McVickar. In the body of the deed the grantor was named D. P. Green, and proof of its execution was made by a subscribing witness. In his affidavit the witness said " that he was present and saw D. P. Green, known to him to be the same person described in and who executed the annexed instrument as a party thereto, sign, seal, and deliver the same. And that he, the deponent, thereupon signed his name as a subscribing witness thereto."

The defendant objected to the copy being received in evidence on the ground that it was " incompetent evidence to prove the contents of the deed or the execution of it, or to show title, because it did not purport to have been acknowledged by the party who signed it, and showed on its face that it had not been acknowledged by the party who it is claimed signed it, and the witness who acknowledged it states that he saw D. P. Green sign, seal, and deliver it, and that it is not a copy of an instrument which has been properly acknowledged."

The court reserved its ruling until the testimony was all in, and then overruled the objection, and admitted the copy in evidence, the defendant reserving an exception.

The plaintiffs further proved that McVickar conveyed the lot to John Doland on the 16th of April, 1869, and Doland conveyed it to Samuel Dana on the 19th of February, 1870; that Dana died in 1870, and thereafter the lot was known as the Dana tract; that the lot was fenced as early as 1872 or 1873, and remained inclosed until about 1883; that shortly after it was inclosed the land was rented by an agent representing the Dana estate to Chinamen, and was used by them for the purpose of raising vegetables for about ten years; that on the 19th of June, 1883, the lot was conveyed by H. C. Hyde, guardian of the minor heirs of Dana, to William P. Gardiner, the grantor of plaintiffs; and that from the years 1875–76 to 1883–84 the property was assessed to the estate of S. Dana or the Dana minors, and the taxes were paid.

The plaintiffs also read in evidence the deposition of Adam Bland, in which the witness stated, in effect, that he sold the land in controversy to the defendant about thirty years before, and that during the years 1885 and 1886 he had frequent conversations with defendant about the land so sold, and in one or more of those conversations heard defendant say that if he had kept the land till then it would have made him rich.

The defendant moved to strike out the deposition "because it only contained an attempt to show what defendant stated about disposing of the land without laying any foundation for such testimony by making some proof of the loss and execution of the deed purporting to be signed by P. D. Green." The court overruled the objection, and the defendant reserved an exception.

The only testimony introduced by defendant was that of three witnesses, one of whom had known him since 1868, one for about fourteen years, and one for a time not stated. Each of these witnesses testified that he had done business with defendant, and had received and seen letters written by him, and that, so far as he knew, defendant had always written his surname " Greene."

1. With these facts before the court, it is insisted for appellant that it was error to admit the copy of the deed of February 6, 1869, in evidence, and also to deny the motion to strike out the deposition of Bland.

We think the rulings were proper. A deed may be recorded when its execution has been acknowledged by the party executing it, or proved by a subscribing witness (Civ. Code, sec. 1161), and a certified copy of the record of a deed, thus acknowledged or proved, may be read in evidence, with the like effect as the original, on proof by affidavit or otherwise that the original is not in the possession or under the control of the party producing the certified copy. (Code Civ. Proc., sec. 1951.) No objection was taken that sufficient proof had not been made that the original was not in the possession or under the control of the plaintiffs, and that objection cannot now be considered. The only objection taken rests upon the transposition of the grantor's initials in the body of the deed and in the certificate of proof. But the deed appears to have been signed by the defendant, and to convey land which he then owned, and the certificate identifies him as the party described in it. We think this was sufficient to make the copy admissible, and to throw upon the defendant the burden of showing that he did not in fact execute the deed. As he failed to offer any such proof, we assume that he did execute and deliver it, and that the title to the property described passed by it to the grantee therein named.

2. But however this may be, we think there was evidence sufficient to justify the finding that plaintiffs had title under the statute of limitations.

The judgment and order should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.